IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James Roseboro, Sr., | ) | C/A NO. 0:05-1534-CMC-JRM |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| Oldcastle Glass, Inc., | ) | |
| Defendant. | ) | |

This matter is before the court on Plaintiff's complaint alleging retaliation in violation of 42 U.S.C. § 2000e-3(a) ("Title VII") and the Age Discrimination in Employment Act ("ADEA"); discrimination in his employment due to his race in violation of a different statutory section of Title VII and 42 U.S.C. § 1981; and state law causes of action for breach of contract, breach of contract accompanied by fraudulent act, and violation of the South Carolina Payment of Wages Act.[1] Defendant moved for summary judgment on all of Plaintiff's causes of action. Plaintiff does not object to the grant of summary judgment on his race discrimination causes of action, and as to the alleged violation of the South Carolina Payment of Wages Act. Therefore, the claims remaining for determination by this court are Plaintiff's retaliation causes of action and his state law claims related to breach of contract.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation. On October 20, 2006, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be granted as to Plaintiff's federal

---

[1] S.C. Code Ann. § 41-10-40.

causes of action and the claim alleging a violation of the South Carolina Payment of Wages Act. Magistrate Judge McCrorey also recommended dismissal without prejudice of Plaintiff's state law claims for breach of contract and breach of contract accompanied by a fraudulent act. Both Plaintiff and Defendant have filed objections to the Report, and each has responded to the other's objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and the objections of both parties, the court agrees with the conclusions of the Magistrate Judge except as relates to his recommendation relating to Plaintiff's claim for breach of contract accompanied by a fraudulent act. Additionally, this court will exercise its discretion to retain jurisdiction over Plaintiff's breach of contract claim. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order with these two noted exceptions.[2]

To establish a *prima facie* case of retaliation, Plaintiff must establish that he engaged in protected activity, that Defendant took some adverse employment action against him, and that a

---

[2]The court notes that the Report contains a typographical error on page 6, paragraph 19. The correct date should be "Wednesday, May 26, 2004."

causal connection exists between the protected activity and the adverse action. *See Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). There is no doubt that Plaintiff's termination constitutes an adverse action. Therefore, to proceed beyond Defendant's motion for summary judgment, Plaintiff must establish both the first and third elements of his *prima facie* case.[3]

Plaintiff contends that the mention of his surname during a deposition taken in an unrelated Title VII retaliation action[4] two days before his termination constitutes protected activity under the "participation clause" of Title VII's anti-retaliation provisions. The Magistrate Judge determined, and this court agrees, that even considering the broad protections afforded individuals under this clause, *see Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 259 n.4 (4th Cir. 1998), no court has determined that passive involvement such as occurred in this case is sufficient to be considered "participation."[5] Because Plaintiff cannot establish that he "participated" in a Title VII investigation, proceeding, or hearing, his *prima facie* case fails.

Plaintiff raises numerous objections to the Report, several of which are disagreements with the Magistrate Judge's construction of the facts. Plaintiff's objects to the Magistrate Judge's recitation of the facts in paragraphs 14, 15, 16, and 18 of the Report. See Objections at 2-3 (Dkt. #

---

[3]To survive summary judgment without direct evidence of retaliation, Plaintiff must come forward with evidence to meet the familiar burden-shifting evidentiary framework first delineated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[4]*Costner v. Oldcastle Glass Co.*, D.S.C. Civil Action No. 0:03-3698-CMC-BM.

[5]Plaintiff has not argued that his involvement in the *Costner* lawsuit was somehow more than simply being mentioned by surname during Costner's deposition. Plaintiff was interviewed by defense counsel in the *Costner* case <u>after</u> his termination, and signed a declaration regarding his knowledge of certain events in the *Costner* litigation. *See* Pl's Dep. 241-43, 248, 254; Exs. 54, 64 to Pl's Dep. (filed in support of Def's M. for Summ. J. (Dkt. #17, filed Mar. 31, 2006)). Plaintiff does not argue that this interview and declaration somehow constitute participation.

26, filed Nov. 2, 2006). Even if this court were to agree with Plaintiff's position, none of the recited facts with which Plaintiff takes umbrage are material to the establishment of Plaintiff's *prima facie* case. None of the noted disagreements bolsters Plaintiff's position that he "participated" in the *Costner* litigation. Nor do Plaintiff's factual disagreements operate to counter the unchallenged testimony of Shirley Passmore (Passmore), who attended the Costner deposition, that she did not mention Plaintiff's name to anyone upon her return to work (which was either the day before or the day of Plaintiff's termination). *See Mackey v. Shalala*, 360 F.3d 463, 469-70 (4th Cir. 2004) ("A plaintiff's own self-serving opinions, absent anything more, are insufficient to establish a *prima facie* case of discrimination.").

Plaintiff contends that the Magistrate Judge "failed to appropriately consider the bigger picture as to how Defendant's pre-emptive termination of Plaintiff does serious violence to the settled purposes of Section 704(a)." Objections 4 (Dkt. #26, filed Nov. 2, 2006). Plaintiff contends that the Magistrate Judge's basis for distinguishing the facts of Plaintiff's case from those in *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005), "completely misses the point." *Id*. at 6. This court disagrees. There simply is no support that any court, particularly any court in this circuit, would allow Plaintiff's passive involvement in the *Costner* case to constitute sufficient "participation" so as to help Plaintiff establish his *prima facie* case of retaliation. *See Jute*, 420 F.3d 175 n.6 ("Despite our holding, we emphasize that we do not mean to imply that § 704(a)'s participation clause is so expansive that it encompasses *every* situation in which a plaintiff is involved in a Title VII proceeding, no matter how passively . . . ."). Not only was Plaintiff only mentioned by surname, but Costner had not seen fit to list Plaintiff as a witness in his case prior to

4

the mentioning of his (Plaintiff's) name, nor did Costner attempt to amend his listing of witnesses *after* Plaintiff's name arose in the deposition.[6]

Plaintiff also asserts that Defendant's knowledge of the alleged protected activity should not be considered at the *prima facie* stage of Plaintiff's case. *See* Objections 8 (Dkt. #26, filed Nov. 2, 2006) ("Defendant's argument that [the General Manager] was unaware that Plaintiff's name was mentioned in the Costner deposition should only be analyzed at the pretext stage . . . ."). This court disagrees. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) ("To satisfy the third element [of a *prima facie* case], the employer must have taken the adverse employment action because the plaintiff engaged in a protected activity. Since, by definition, an employer cannot take action because of a factor of which it is unaware, the employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary to establish the third element of the prima facie case.").

Defendant Oldcastle objects to four of the Magistrate Judge's findings. As this court has determined Plaintiff fails to establish a *prima facie* case of retaliation, the court does not reach Defendant's first objection. As to Defendant's remaining objections, the court agrees with the Magistrate Judge's analysis of Plaintiff's breach of contract claim, but declines to adopt the Report as to the claim for breach of contract accompanied by fraudulent act.

To establish a viable claim for breach of contract accompanied by a fraudulent act, Plaintiff must prove three elements: (1) a breach of contract; (2) fraudulent intent relating to the breach of the contract; and (3) a fraudulent act accompanying the breach. *Conner v. City of Forest* Acres, 560

---

[6]Courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

S.E.2d 606,612 (S.C. 2002). A "mere breach of a contract, even if willful or with fraudulent purpose, is not sufficient to entitle a Plaintiff to go to the jury on the issue of punitive damages." *Lister v. Nationsbank*, 494 S.E.2d 449, 454 (S.C. Ct. App. 1997). "Absent a 'fraudulent act accompanying the breach,' there can be no recovery for punitive damages." *Id.* The fraudulent act must be "connected with the breach itself and cannot be too remote in either time or character." *Floyd v. Country Squire Mobile Homes, Inc.*, 336 S.E.2d 502, 503-04 (S.C. Ct. App. 1985). As noted, the purpose of a claim for "breach of contract accompanied by a fraudulent act" is to obtain punitive damages. To recover such damages, Plaintiff has the burden of proving, by clear and convincing evidence, that the defendant's conduct was willful, wanton, or in reckless disregard of Plaintiff's rights. *Lister*, 494 S.E. 2d at 458. S.C. Code Ann. § 15-33-135.

Plaintiff does not reach the threshold of proof necessary to survive summary judgment on this cause of action. Plaintiff did not show up for work on Saturday, May 22, 2004. He was thereafter assessed two points, as was Jonathan Fewell (Fewell). This assessment of points can hardly be said to be a fraudulent act. Therefore, Defendant is entitled to summary judgment on this cause of action.

The court shall exercise its discretion to maintain jurisdiction over Plaintiff's breach of contract cause of action. This matter shall be set for trial during the term of this court beginning **Tuesday, January 9, 2007**. The Clerk of Court will issue a roster notice in this matter.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment is granted in part and denied in part. Summary judgment is hereby **granted** to Defendant on Plaintiff's claims of retaliation under Title VII and the ADEA, race discrimination under Title VII and 42 U.S.C. § 1981, violation of the South Carolina Payment of Wages Act, and breach of contract accompanied

6

by a fraudulent act. Summary judgment is **denied** as to Plaintiff's breach of contract claim, and this matter is set for trial during the term of court beginning **Tuesday, January 9, 2007**.

    **IT IS SO ORDERED**.

                                        s/ Cameron McGowan Currie
                                        CAMERON McGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 7, 2006

C:\temp\notesB0AA3C\05-1534 Roseboro v. Oldcastle Glass e adopt rr no prima facie case of retaliation.wpd